```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


ANTHONY BOWDEN,                )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civil Action No. 05-2202 RBW
                               )
LAWRENCE M. SMALL, Secretary,  )
   Smithsonian Institution     )
                               )
        Defendant.             )
                               )
```

## ANSWER

Defendant, by and through its undersigned counsel, hereby answers the "Complaint of Employment Discrimination and Breach of Contract (Race, Color, Sex, Religion, Disability, Reprisal)" as follows:

## FIRST DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Lawrence M. Small is the proper defendant in this case in his official capacity only as Secretary, Smithsonian Institution.[1]

## THIRD DEFENSE

Insofar as Plaintiff may be seeking to assert claims based on alleged actions against him other than those he timely presented to an Equal Employment Opportunity ("EEO") counselor

---

[1] *See* 20 U.S.C. § 41, et seq.

and for which he properly completed the administrative EEO process, he has failed timely to exhaust necessary administrative remedies that are a prerequisite to pursuing a civil action in this Court.

**FOURTH DEFENSE**

Insofar as Plaintiff may be seeking to relitigate alleged actions involved in his prior case or claims that were settled in that case, his claims are barred by the doctrines of res judicata, collateral estoppel and accord and satisfaction and/or release and waiver.

**FIFTH DEFENSE**

Insofar as Plaintiff is seeking to assert a Breach of Contract, his claim is barred by the applicable statute of limitations.

**SIXTH DEFENSE**

Answering specifically the numbered paragraphs of the complaint, and utilizing the same or similar section headings[2] and paragraph numbering, Defendant pleads as follows:

**Nature of the Claim**

1. This paragraph constitutes Plaintiff's characterization of his claims, a question of law to which no response is required. To the extent that a response is deemed required,

---

[2] Defendant has included the headings in this Answer for ease of reference only, and specifically denies that the headings are accurate or factual.

Defendant admits that he is the Secretary of the Smithsonian Institution but otherwise denies these allegations.

## Jurisdiction and Venue

2-3.   These paragraphs contain Plaintiff's assertions of jurisdiction and venue, conclusions of law to which no response is required.  To the extent that a response may be deemed required, Defendant admits that by Act of Congress approved August 7, 1998, Pub. L. 105-220, 112 Stat. 936 at 1092 [Section 341 of The Workforce Investment Act of 1998], the Smithsonian Institution was included within the coverage of Section 717(a) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-(16(a)); Section 15(a) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 633a(a); Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791; and Section 7103(a)(3) of Title 5 of the U.S. Code, Labor-Management Relations, but otherwise denies these allegations.

## Parties

4.   Defendant is without sufficient information upon which to form a belief as to the truth of the characterizations in the first sentence of this paragraph; accordingly, they are denied. The second sentence is admitted insofar as Plaintiff asserts that he is employed by the Smithsonian Institution at its National Zoological Park as an Exhibits Specialist, GS-1010-11.

5.   Defendant admits (1) that Defendant Lawrence M. Small is

named in his official capacity as the Secretary of the Smithsonian Institution, which is a trust establishment of the United States created by Act of the U.S. Congress approved August 10, 1846, 5 Stat 64; 20 U.S.C. §§ 41 et seq., (2) that the National Zoological Park is a program of the Smithsonian Institution, *see* 20 U.S.C. §§ 81-85, and (3) that by Act of the U.S. August 7, 1998, Pub. L. 105-220, 112 Stat. 936 at 1092 [Section 341 of The Workforce Investment Act of 1998], the Smithsonian Institution was included within the coverage of statutes including Section 717(a) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-(16(a)), but otherwise denies these allegations.

## Procedural History

    6.  Admitted.

    7.  The first sentence of this Paragraph contains a conclusion of law to which no response is required.  To the extent that a response may be deemed required, Defendant denies the conclusion of law.  With respect to the second, third and fourth sentences in this Paragraph, Defendant admits the existence of the documents referred to in these sentences, dated on or about August 6, 2004; September 3, 2004; September 27, 2004; and August 3, 2005, but denies that Plaintiff's characterizations of the contents of the documents are complete and accurate, and respectfully refers the Court to the documents

-4-

for a full, fair and accurate account of their contents.  The fifth sentence is admitted.  The sixth sentence is admitted, except that Defendant is without sufficient information upon which to form a belief as to the truth of the allegation regarding the date that Plaintiff received the October 4, 2005 Final Agency Decision; accordingly, this allegation is denied.  The last sentence of this Paragraph contains a conclusion of law to which no response is required.  To the extent that a response may be deemed required, Defendant denies the conclusion of law.

    8-9.  Defendant admits the existence of the documents apparently referred to in these Paragraphs, dated on or about March 18, 2005; March 28, 2005; August 2, 2005; July 11, 2005; and August 30, 2005, but denies that Plaintiff's characterizations of the contents of the documents are complete and accurate, and respectfully refers the Court to the documents for a full, fair and accurate account of their contents.  The remainder of these Paragraphs constitutes conclusions of law to which no response is required.  To the extent that a response may be deemed required, Defendant denies the conclusions of law.

## Factual Allegations

    10.  Defendant admits the allegation in the first sentence of this Paragraph that Plaintiff is and has been employed by the Smithsonian Institution as an Exhibits Specialist, GS-1010-11.  The remainder of this Paragraph constitutes plaintiff's

-5-

characterizations of himself, rather than facts to which a response is required. To the extent that a response may be deemed required, Defendant is without sufficient information upon which to form a belief as to the truth of the characterizations in this paragraph; accordingly, they are denied.

11. Admitted.

12-14. Defendant admits that Plaintiff has been employed at the National Zoological Park, Smithsonian Institution, since his transfer there in April 1999, and that a settlement was reached with the Plaintiff, but denies that Plaintiff's characterizations of the agreement is complete and accurate, and respectfully refers the Court to the document for a full, fair and accurate account of its contents. Defendant further avers that Plaintiff lacks any admissible evidence of the contents of any such agreement. Defendant denies the second and third sentences of Paragraph 14.

**Factual Allegations Regarding Plaintiff's First Complaint, Agency Case Number SI-04-16-080604, EEOC No. 100-2004, 00391X**.

15-17. Admitted.

18. Defendant admits that Mary Tanner, Deputy Director of the National Zoological Park, is the Plaintiff's second line supervisor and that she has been described as "Caucasian, one-quarter Hispanic, female, Catholic, non-disabled, prior involvement in EEO activity," but denies the remainder of this

paragraph.

19. Defendant denies that the Plaintiff's immediate supervisor had any prior knowledge of the Plaintiff's disability or his prior involvement in EEO activity, but admits that at some point the Deputy Director was aware of the Plaintiff's prior complaint.

20. Defendant is without sufficient information upon which to form a belief as to the truth of the allegations in this paragraph; accordingly, they are denied.

21. Defendant admits that Plaintiff makes the listed allegations, but denies that the Plaintiff was subjected to a hostile working environment on the basis of his race, color, religion, sex, disability or in reprisal for his prior EEO activity and that the Plaintiff's allegations are accurate.

22. With respect to the first sentence in this paragraph, Defendant admits that Plaintiff makes the listed allegations, but denies that the Plaintiff was subjected any unlawful discrimination or reprisal and that the Plaintiff's allegations are accurate.

22a-h. Defendant is without sufficient information upon which to form a belief as to the truth of the allegations in these paragraphs; accordingly, they are denied.

23. Defendant admits that Plaintiff makes the listed allegations, but denies that Plaintiff was subjected to any

unlawful discrimination or reprisal and that the Plaintiff's allegations are accurate.

24-25. These paragraphs constitute Plaintiff's characterization of his claims, a question of law to which no response is required. Defendant denies the legal conclusions, denies that Plaintiff has provided a complete and accurate account of the sworn testimony, and respectfully refers the Court to the transcripts of testimony for a full, fair and accurate account of the contents; and to the extent that a further response is deemed required, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations in these paragraphs; accordingly, they are denied.

### Factual Allegations Regarding
### Plaintiff's Third Complaint, Agency Case No. 05-23-071105.

26. Defendant admits that Plaintiff makes the listed allegations, but denies that the Plaintiff was subjected to any unlawful discrimination or reprisal on the basis of his race, color, religion, sex, disability or in reprisal for his prior EEO activity and that the Plaintiff's allegations are accurate.

### Factual Allegations Regarding Plaintiff's Second
### Complaint, Agency Case No. 05-23-071105

27. Defendant admits that Plaintiff makes the listed allegations, but denies that Plaintiff's allegations are accurate.

28. This paragraph contains Plaintiff's characterization of

his claim, a question of law to which no response is required. Defendant denies the legal conclusions; and to the extent that a further response is deemed required, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations in these paragraphs; accordingly, they are denied.

    29-33.  Defendant is without sufficient information upon which to form a belief as to the truth of the allegations in these paragraphs; accordingly, they are denied.

    34.  The first sentence of this paragraph is denied.  The second sentence is denied, except to admit that Plaintiff reported that he had been assaulted to Mr. Baxter, Mr. Fillah, Ms. Ades and the National Zoological Park police.  With respect to the third sentence of this paragraph, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations; accordingly, they are denied.

    35.  With respect to the first sentence of this paragraph, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations; accordingly, they are denied.  The second sentence is denied, except to admit that Plaintiff reported that he had been assaulted.  The third sentence is denied.  With respect to the allegations in the fourth sentence, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations;

accordingly, they are denied.

36. The first sentence of this paragraph is denied, except to admit that Plaintiff was directed to attend a staff meeting at which other employees, including Ms. Lopez, were to be present.

37. Denied.

### Damages.

38. Denied.

### COUNT ONE

### DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII: HOSTILE ENVIRONMENT

39. Defendant incorporates as if stated herein its responses to paragraphs 1 through 38.

40. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

41. Denied.

### COUNT TWO

### DISCRIMINATION ON THE BASIS OF COLOR IN VIOLATION OF TITLE VII: HOSTILE ENVIRONMENT

42. Defendant incorporates as if stated herein its responses to paragraphs 1 through 41.

43. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

44. Denied.

## COUNT THREE

### DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII: HOSTILE ENVIRONMENT

45. Defendant incorporates as if stated herein its responses to paragraphs 1 through 44.

46. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

47. Denied.

## COUNT FOUR

### DISCRIMINATION ON THE BASIS OF RELIGION IN VIOLATION OF TITLE VII: HOSTILE ENVIRONMENT

48. Defendant incorporates as if stated herein its responses to paragraphs 1 through 47.

49. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

50-51. Denied.

## COUNT FIVE

### DISCRIMINATION ON THE BASIS OF THE DISABILITY IN VIOLATION OF THE REHABILITATION ACT: HOSTILE ENVIRONMENT

52. Defendant incorporates as if stated herein its responses to paragraphs 1 through 51.

53. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

54. Denied.

## COUNT SIX

### DISCRIMINATION ON THE BASIS OF REPRISAL IN VIOLATION OF TITLE VII AND THE REHABILITATION ACT: HOSTILE ENVIRONMENT

55. Defendant incorporates as if stated herein its responses to paragraphs 1 through 54.

56. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

57. Denied.

## COUNT SEVEN

### DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII: NON-SELECTION.

58. Defendant incorporates as if stated herein its responses to paragraphs 1 through 57.

59. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

60-61. Denied.

## COUNT EIGHT

### DISCRIMINATION ON THE BASIS OF COLOR IN VIOLATION OF TITLE VII: NON SELECTION

62. Defendant incorporates as if stated herein its responses to paragraphs 1 through 61.

63. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

64-65. Denied.

## COUNT NINE

### DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE REHABILITATION ACT: NON-SELECTION

66. Defendant incorporates as if stated herein its responses to paragraphs 1 through 65.

67. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

68-69. Denied.

## COUNT TEN

### DISCRIMINATION ON THE BASIS OF REPRISAL IN VIOLATION OF TITLE VII AND THE REHABILITATION ACT: NON-SELECTION

70. Defendant incorporates as if stated herein its responses to paragraphs 1 through 69.

71. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

72-73. Denied.

## COUNT ELEVEN

### DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII: FAILURE TO PROPERLY COMPENSATE PLAINTIFF

74. Defendant incorporates as if stated herein its responses to paragraphs 1 through 73.

75. Defendant admits that Plaintiff is a GS-11, but denies the remainder of this Paragraph.

76. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

77. Denied, except to admit that Plaintiff and similarly situated individuals had their positions properly graded and were compensated for work that they performed.

78. Denied.

## COUNT TWELVE

### DISCRIMINATION ON THE BASIS OF COLOR IN VIOLATION OF TITLE VII: FAILURE TO PROPERLY COMPENSATE PLAINTIFF

79. Defendant incorporates as if stated herein its responses to paragraphs 1 through 78.

80. Defendant admits that Plaintiff is a GS-11, but denies the remainder of this Paragraph.

81. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

82. Denied, except to admit that Plaintiff and similarly situated individuals had their positions properly graded and were compensated for work that they performed.

83. Denied.

## COUNT FIFTEEN [sic][3]

### DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII: FAILURE TO PROPERLY COMPENSATE PLAINTIFF

84. Defendant incorporates as if stated herein its responses to paragraphs 1 through 83.

85. Defendant admits that Plaintiff is a GS-11, but denies the remainder of this Paragraph.

---

[3] This is the Thirteenth Count.

86. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

87. Denied, except to admit that Plaintiff and similarly situated individuals had their positions properly graded and were compensated for work that they performed.

88. Denied.

### COUNT FOURTEEN

### DISCRIMINATION ON THE BASIS OF RELIGION IN VIOLATION OF TITLE VII: FAILURE TO PROPERLY COMPENSATE PLAINTIFF

89. Defendant incorporates as if stated herein its responses to paragraphs 1 through 88.

90. Defendant admits that Plaintiff is a GS-11, but denies the remainder of this Paragraph.

91. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

92. Denied, except to admit that Plaintiff and similarly situated individuals had their positions properly graded and were compensated for work that they performed.

93. Denied.

### COUNT FIFTEEN

### DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE REHABILITATION ACT: FAILURE TO PROPERLY COMPENSATE PLAINTIFF

94. Defendant incorporates as if stated herein its responses to paragraphs 1 through 93.

95.  Defendant admits that Plaintiff is a GS-11, but denies the remainder of this Paragraph.

96.  Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

97.  Denied, except to admit that Plaintiff and similarly situated individuals had their positions properly graded and were compensated for work that they performed.

98.  Denied.

## COUNT EIGHTEEN [sic][4]

### DISCRIMINATION ON THE BASIS OF REPRISAL IN VIOLATION OF TITLE VII AND THE REHABILITATION ACT: FAILURE TO PROPERLY COMPENSATE PLAINTIFF

99.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 98.

100.  Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

101.  Denied.

## COUNT NINETEEN

### VIOLATION OF SETTLEMENT AGREEMENT/BREACH OF CONTRACT

102.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 101.

103.  Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

104.  Denied.

---

[4] There are no Counts titled "Sixteen" or "Seventeen".

**COUNT TWENTY**

**VIOLATION OF THE REHABILITATION ACT:
FAILURE TO REASONABLY ACCOMMODATE**

105.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 104.

106.  This Paragraph contains a conclusion of law to which no response is required.  To the extent that a response may be deemed required, the paragraph is denied.

107-108.   Denied.


The remaining allegations of the Complaint constitute a prayer for relief and jury demand, which requires no response. To the extent that a response is deemed necessary, however, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant further avers that any award of compensatory damages for Plaintiff's claims would be subject to and limited by 42 U.S.C. § 1981a, and that exemplary or punitive damages may not be awarded in this action, nor may plaintiff be awarded compensatory damages under the each of the statutes relied upon by Plaintiff.  Defendant further denies that Plaintiff is entitled to a jury trial on all of his claims.  The Defendant

denies each and every allegation contained in the complaint not specifically admitted herein.

                                        Respectfully submitted,

                                        _____
                                        KENNETH L. WAINSTEIN, DC Bar #451058
                                        United States Attorney

                                        _____
                                        R. CRAIG LAWRENCE, DC Bar #171538
                                        Assistant United States Attorney

                                        _____
                                        W. MARK NEBEKER, DC Bar #396739
                                        Assistant United States Attorney

OF COUNSEL:

Mildred M. Glover
Associate General Counsel
Smithsonian Institution
1000 Jefferson Dr., S.W., MRC-012
P.O. Box 23286
Washington, DC  20026-3286
(202) 633-9252
(202) 357-4310 FAX

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Answer has been made through the Court's electronic transmission facilities on this 6th day of February, 2006.

```
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230
```