UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY BOWDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2202 RBW |
| | ) | |
| LAWRENCE M. SMALL, SECRETARY, | ) | |
| SMITHSONIAN INSTITUTION | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT LOCAL RULE 16.3 REPORT

Counsel for Plaintiff and Defendant conferred in May and June, 2006, and pursuant to the Court's Order for Initial Scheduling Conference dated April 19, 2006, the parties hereby file the following report with the Court outlining the parties' agreements and disagreements with regard to the matters discussed.

## STATEMENT OF THE CASE, STATUTORY BASES OF CAUSES OF ACTION AND DEFENSES

Statement of Plaintiff's Case and Statutory Bases for Causes of Action[1]

---

[1] Defendant does not concede the accuracy of the Summary of Plaintiff's Claims for Relief.

Plaintiff has filed a Complaint and a First Amended Complaint of Employment Discrimination and Breach of Contract (Race, Color, Sex, Religion, Disability, Reprisal).

Plaintiff is an African American, black, male, non-Jewish, Baptist citizen of the United States, who suffers from various medical conditions, including panic disorder, anxiety disorder and depression. Plaintiff has been an employee of the Smithsonian institution for approximately 22 years, and at all times relevant to the Complaint was employed by the Smithsonian as an Exhibits Specialist, GS-1010-11, at the National Zoological Park. Plaintiff has Equal Employment Opportunity ("EEO") activity prior to the events set forth in his Complaint. Specifically, Plaintiff settled a discrimination complaint in the U.S. District Court, District of Columbia, styled *Anthony Bowden v. Ira Michael Heyman, Secretary, Smithsonian Institution*, Civil Action No. 97-0545, JR (D.D.C.), which was settled and approved by this Court on February 18, 1999, and filed with the Court on February 19, 1999.

Plaintiff asserts the following claims for relief: Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and violation of the Rehabilitation Act of 1973, U.S.C. §§741 and 794a, *et seq*, and also breach of contract. Plaintiff seeks relief, including retroactive promotion, compensatory damages of $300,000.00 for pain and suffering, and attorney's fees and costs on the following claims regarding EEO discrimination (race, color, sex, religion and/or disability) and/or reprisal for prior EEO activity: Hostile work environment, non-selection for promotional position, failure to properly compensate Plaintiff for the job duties that he was performing, and failure to reasonably accommodate his disabilities. Plaintiff also seeks relief for violation/breach of contract of the settlement agreement between he and the Smithsonian in his prior case filed in U.S. District Court, referenced above.

Summary of Defendant's Defenses

Defendant submits that Plaintiff's claims of employment discrimination are properly before this Court only if the claims were properly and timely presented and administrative remedies related to them were exhausted.

Defendant further submits that insofar as Plaintiff may be seeking to re-litigate alleged actions involved in his prior case or claims that were settled in that case, his claims are barred by the doctrines of res judicata, collateral estoppel and accord and satisfaction and/or release and waiver.

Finally, Defendant submits that the decisions at issue were not made based on any unlawful motivation, discrimination or retaliation.

1. LIKELIHOOD OF DISPOSITION BY DISPOSITIVE MOTION

Plaintiff believes that it is unlikely that this case will be resolved by dispositive motion. Defendant believes that it is likely that the case will be resolved by dispositive motion. No dispositive motion have yet been filed by either party.

2. JOINDER OF PARTIES AND AMENDMENTS TO PLEADINGS

The parties do not anticipate that there will be any joinder of parties. The Complaint has previously been amended and the parties agree that all other parties shall be joined and all further amendments must be made within 60 days of the entry of the Scheduling Order.

3. ASSIGNMENT TO MAGISTRATE JUDGE

The parties agree that the Court should not assign the case to a magistrate judge for any purpose.

4.  SETTLEMENT OF CASE

Defendant believes that it is too early to know whether there is a possibility of settling the case, but that settlement may be possible at a later stage of the proceedings. Plaintiff believes that settlement may be possible at an early stage of the proceedings.

5.  APPLICATION OF ADR PROCEDURES/STAY OF DISCOVERY

Defendant believes that it is too early in the litigation of this case to determine whether this case could benefit from the use of some form of alternative dispute resolution ("ADR") procedures and believes that the use of ADR procedures may be beneficial at a later stage of the proceedings. Defendant believes that discovery should not be stayed at this time for ADR. Plaintiff believes that the use of ADR procedures would be beneficial at this time, that discovery should be stayed at this time, and that the Court should now refer this matter to mediation.

6.  DISPOSITIVE MOTIONS

Plaintiff believes that it is unlikely that this case will be resolved by dispositive motions. Defendant believes that it is likely that the case will be resolved by dispositive motions following discovery. Specifically, Defendant has raised with Plaintiff the possibility that Defendant may file a motion for to dismiss or, in the alternative, for summary judgment after the close of discovery. The parties agree that Defendant shall file its motion within 45 days of the close of discovery and that Plaintiff shall file a response to Defendant's motion within 60 days of the filing of the motion. Defendant shall then file its reply within 21 days thereafter. The parties agree that the hearing date for a decision on the motion(s) should be set at the Court's convenience.

7. INITIAL DISCLOSURES

The parties believe that formal discovery is necessary in this case. However, the parties wish to stipulate to waive initial disclosures, as set forth by Rule 26(a)(1) of the Federal Rules of Civil Procedure, in light of the record already available.

8. DISCOVERY

At this time, the parties have negotiated the following discovery plan:

   a. Defendant believes that discovery should close within 150 days of entry of the Scheduling Order in the case. Plaintiff believes that discovery should close within 150 days of the close of mediation.

   b. Defendant agrees to allow Plaintiff to take, without leave of Court, a total of 10 depositions. Plaintiff agrees to allow Defendant to take, without leave of Court, a total of 10 depositions.

   c. The parties agree to a maximum of 30 interrogatories.

   d. If a protective order is needed consistent with the Privacy Act, 5 U.S.C. § 552a(b)(11), the parties will attempt to reach agreement by stipulation and, if unable to stipulate, a motion will be filed seeking a protective order from the Court.

9. EXPERT WITNESSES

The parties agree that the Court should not modify or waive the requirements of Rule 26(a)(2), F. R. Civ. P., regarding exchange of expert witness reports and information. The parties also agree that should Plaintiff decide to call any expert witnesses, Plaintiff shall provide

any expert witness reports as required by Rule 26(a)(2) within 60 days of the entry of the Scheduling Order, and Defendant shall serve its reports within 60 thereafter. Depositions of experts shall occur within 30 days of a party receiving an expert witness report from the opposing party.

10. BIFURCATION OF DISCOVERY AND/OR TRIAL

The parties do not recommend that trial or discovery be bifurcated or managed in phases at this time, but reserve the right to ask for such treatment if later it becomes appropriate.

11. PRETRIAL CONFERENCE

The parties agree that it is too early in the litigation to set the date for the pretrial conference. The parties also agree, and anticipate, that such conference should be held after resolution of any dispositive motion(s) that may be filed.

12. DETERMINATION OF TRIAL DATE

Both parties request that the Court set a trial date at a later status hearing, and not at the first scheduling conference.

\* \* \*

Proposed orders reflecting the parties' respective positions as set forth above are submitted herewith.

Respectfully submitted,

/s/_____
STEVEN J. SILVERBERG
DCBar #377376

Attorney for Plaintiff

KENNETH L. WAINSTEIN
DCBar #451058
United States Attorney

RUDOLPH CONTRERAS
DC Bar #434122
Assistant United States Attorney

/s/
W. MARK NEBEKER
DC Bar #396739
Assistant United States Attorney

June 12, 2006