UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY BOWDEN,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀Civil Action No. 05-2202 RBW
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
LAWRENCE M. SMALL, Secretary, )
⠀Smithsonian Institution⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀)
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯)

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
OF EMPLOYMENT DISCRIMINATION AND BREACH OF CONTRACT**
(Race, Color, Sex, Religion, Disability, Reprisal)

Defendant, by and through its undersigned counsel, hereby answers the "Complaint of Employment Discrimination and Breach of Contract (Race, Color, Sex, Religion, Disability, Reprisal)" as follows:

**FIRST DEFENSE**

The Plaintiff has failed to state a claim upon which relief can be granted and the Court lacks jurisdiction over Plaintiff's breach of contract/settlement agreement claim.

**SECOND DEFENSE**

Lawrence M. Small is the proper defendant in this case in his official capacity only as Secretary, Smithsonian Institution.[1]

---

[1] *See* 20 U.S.C. § 41, et seq.

**THIRD DEFENSE**

Insofar as Plaintiff may be seeking to assert claims based on alleged actions against him other than those he timely presented to an Equal Employment Opportunity ("EEO") counselor and for which he properly completed the administrative EEO process, he has failed timely to exhaust necessary administrative remedies that are a prerequisite to pursuing a civil action in this Court.

**FOURTH DEFENSE**

Insofar as Plaintiff may be seeking to re-litigate alleged actions involved in his prior case or claims that were settled in that case, his claims are barred by the doctrines of <u>res judicata</u>, collateral estoppel and accord and satisfaction and/or release and waiver.

**FIFTH DEFENSE**

Insofar as Plaintiff is seeking to assert a Breach of Contract, his claim is barred by the applicable statute of limitations.

**SIXTH DEFENSE**

Answering specifically the numbered paragraphs of the complaint, and utilizing the same or similar section headings[2] and paragraph numbering, Defendant pleads as follows:

_____

[2] Defendant has included the headings in this Answer for ease of reference only, and specifically denies that the headings are accurate or factual.

## **Nature of the Claim**

1.  This paragraph constitutes Plaintiff's characterization of his claims and the authority therefor, including administrative formal complaint number 06-13-052606 and "pursuant to the Court granting at the status conference of September 8, 2006, Plaintiff's oral motion to file a Second Amended Complaint," to which no response is required.  To the extent that a response is deemed required, Defendant admits that he is the Secretary of the Smithsonian Institution and that Plaintiff secured enlargements of time by which to file the Second Amended Complaint, but otherwise denies these allegations.

## **Jurisdiction and Venue**

2-3.  These paragraphs contain Plaintiff's assertions of jurisdiction and venue, conclusions of law to which no response is required.  To the extent that a response may be deemed required, Defendant admits that by Act of Congress approved August 7, 1998, Pub. L. 105-220, 112 Stat. 936 at 1092 [Section 341 of The Workforce Investment Act of 1998], the Smithsonian Institution was included within the coverage of Section 717(a) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-(16(a)); Section 15(a) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 633a(a); Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791; and Section 7103(a)(3) of Title 5 of the U.S. Code, Labor-Management Relations, but otherwise denies these

allegations.

**Parties**

4.  Defendant is without sufficient information upon which to form a belief as to the truth of the characterizations in the first clause of the first sentence of this paragraph; accordingly, the first sentence is denied, except to admit that Plaintiff is employed by the Smithsonian Institution at its National Zoological Park.  The second sentence is admitted insofar as Plaintiff asserts that he is employed by the Smithsonian Institution at its National Zoological Park as an Exhibits Specialist, GS-1010-11.

5.  Defendant admits (1) that Defendant Lawrence M. Small is named in his official capacity as the Secretary of the Smithsonian Institution, which is a trust establishment of the United States created by Act of the U.S. Congress approved August 10, 1846, 5 Stat 64; 20 U.S.C. §§ 41 et seq., (2) that the National Zoological Park is a program of the Smithsonian Institution, see 20 U.S.C. §§ 81-85, and (3) that by Act of the U.S. August 7, 1998, Pub. L. 105-220, 112 Stat. 936 at 1092 [Section 341 of The Workforce Investment Act of 1998], the Smithsonian Institution was included within the coverage of statutes including Section 717(a) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-(16(a)), but otherwise denies these allegations.

-4-

**Procedural History**

6.  Admitted.

7.  The first sentence of this Paragraph contains a conclusion of law to which no response is required.  To the extent that a response may be deemed required, Defendant denies the conclusion of law.  With respect to the second, third and fourth sentences in this Paragraph, Defendant admits the existence of the documents referred to in these sentences, dated on or about August 6, 2004; September 3, 2004; September 27, 2004; and August 3, 2005, but denies that Plaintiff's characterizations of the contents of the documents are complete and accurate, and respectfully refers the Court to the documents for a full, fair and accurate account of their contents.  The fifth sentence is admitted.  The sixth sentence is admitted, except that Defendant is without sufficient information upon which to form a belief as to the truth of the allegation regarding the date that Plaintiff received the October 4, 2005 Final Agency Decision; accordingly, this allegation is denied. The last sentence of this Paragraph contains a conclusion of law to which no response is required.  To the extent that a response may be deemed required, Defendant denies the conclusion of law.

8-9.  Defendant admits the existence of the documents apparently referred to in these Paragraphs, dated on or about March 18, 2005; March 28, 2005; August 2, 2005; July 11, 2005;

-5-

and August 30, 2005, but denies that Plaintiff's characterizations of the contents of the documents are complete and accurate, and respectfully refers the Court to the documents for a full, fair and accurate account of their contents.  The remainder of these Paragraphs constitutes conclusions of law to which no response is required.  To the extent that a response may be deemed required, Defendant denies the conclusions of law.

10.  Defendant admits that the Plaintiff's "First Amended Complaint of Employment Discrimination and Breach of Contract" includes a Fourth Complaint of Discrimination filed against the Smithsonian Institution on January 3, 2006, and designated "SI Case No. 06-04-010306," and that by Final Agency Decision dated January 23 2006, the Smithsonian Institution dismissed the "First Amended Complaint" for failure to state a claim pursuant to 29 C.F.R. §1614.107(a)(1), but denies that the Plaintiff's characterization of the Final Agency Decision is a complete and accurate statement of the "Legal Analysis" and "Statement of Conclusions" set forth therein, which advised that the Complaint stated the same claim previously decided by the Smithsonian Institution and therefor must be dismissed pursuant to 29 C.F.R. § 1614.107(a).  The United States respectfully refers the Court to the January 23, 2006, Final Agency Decision of the Smithsonian Institution for a full, fair, and accurate account of its contents, as well as for a decision as to whether the inclusion

of the Case No. 06-04-010306 in the instant Complaint is
consistent with 42 U.S.C. § 2000e-16(c )and 29 C.F.R. §
1614.407(a).  The remainder of Paragraph 10 constitutes
conclusions of law as to which no response is required.  To the
extent that a response may be deemed required, Defendant denies
the conclusions of law.

    11.  Defendant admits that on or about May 26, 2006,
Plaintiff filed a formal administrative Complaint of
Discrimination, Agency Case No. 06-13-052606, alleging
discrimination based on race (African American), color (black),
sex (male), disability (mental), and reprisal for prior EEO
activity; that the Complaint was accepted by the Smithsonian
Institution for investigation on June 5, 2006; that the plaintiff
requested a hearing before the Equal Employment Opportunity
Commission ["EEOC"]; and that an Acknowledgment and Order was
issued by EEOC Administrative Judge Abigail R. Coleman on
November 28, 2006, but denies any admission as to the truth of
the allegations of discrimination contained therein.  Defendant
admits that 180 days have elapsed since the filing of the
administrative complaint in Agency case No. 06-13-052606 and that
Plaintiff secured enlargements of time by which to file the
Second Amended Complaint.  The remainder of these Paragraphs
constitutes conclusions of law to which no response is required.
To the extent that a response may be deemed required, Defendant

denies the conclusions of law.

### Factual Allegations

12.  Defendant admits the allegation in the first sentence
of this Paragraph that Plaintiff is and has been employed by the
Smithsonian Institution as an Exhibits Specialist, GS-1010-11.
The remainder of this Paragraph constitutes plaintiff's
characterizations of himself and legal conclusions regarding his
activity, rather than facts to which a response is required.  To
the extent that a response may be deemed required, Defendant is
without sufficient information upon which to form a belief as to
the truth of the characterizations in this Paragraph;
accordingly, they are denied.

13.  Admitted.

14-16.  Defendant admits that Plaintiff has been employed at
the National Zoological Park, Smithsonian Institution, since his
transfer there in April 1999, and that a settlement was reached
with the Plaintiff in the cited civil action, but denies that
Plaintiff's characterizations of the agreement is complete and
accurate, and respectfully refers the Court to the document for a
full, fair and accurate account of its contents.  Defendant
denies the second and third sentences of Paragraph 16.

**Factual Allegations Regarding Plaintiff's First Complaint, Agency Case Number SI-04-16-080604, EEOC No. 100-2004, 00391X.**

17-19.  Admitted.

-8-

20.   Defendant admits that Mary Tanner, Deputy Director of the National Zoological Park, is the Plaintiff's second line supervisor and that she has been described as "Caucasian, one-quarter Hispanic, female, Catholic, non-disabled, prior involvement in EEO activity," but denies the remainder of this paragraph.

21.   Defendant denies that the Plaintiff's immediate supervisor had any prior knowledge of the Plaintiff's disability or his prior involvement in EEO activity, but admits that at some point the Deputy Director was aware of the Plaintiff's prior complaint.

22.   Defendant is without sufficient information upon which to form a belief as to the truth of the allegations in this paragraph; accordingly, they are denied.

23.   Defendant admits that Plaintiff makes the listed allegations, but denies that the Plaintiff was subjected to a hostile working environment on the basis of his race, color, religion, sex, disability or in reprisal for his prior EEO activity and that the Plaintiff's allegations are accurate.

24.   Defendant admits that Plaintiff makes the listed allegations, but denies that Plaintiff was subjected to any unlawful discrimination or reprisal and that the Plaintiff's allegations are accurate.

25.   Defendant admits that Plaintiff makes the listed

allegations, but denies that Plaintiff was subjected to any unlawful discrimination or reprisal and that the Plaintiff's allegations are accurate.

26-27.  These paragraphs constitute Plaintiff's characterization of his claims, a question of law to which no response is required.  Defendant denies the legal conclusions, denies that Plaintiff has provided a complete and accurate account of the sworn testimony, and respectfully refers the Court to the transcripts of testimony for a full, fair and accurate account of the contents; and to the extent that a further response is deemed required, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations in these paragraphs; accordingly, they are denied.

**Factual Allegations Regarding**
**Plaintiff's Second Complaint, Agency Case No. 05-10-071105.**

28.  Defendant admits that Plaintiff makes the listed allegations, but denies that the Plaintiff was subjected to any unlawful discrimination or reprisal on the basis of his race, color, religion, sex, disability or in reprisal for his prior EEO activity and that the Plaintiff's allegations are accurate.

**Factual Allegations Regarding Plaintiff's Third**
**Complaint, Agency Case No. 05-23-071105**

29.  Defendant admits that Plaintiff makes the listed allegations, but denies that Plaintiff's allegations are accurate.

-10-

30.  Defendant admits that Plaintiff makes the listed allegations, but denies that Plaintiff's allegations are accurate.

31-35.  Defendant is without sufficient information upon which to form a belief as to the truth of the allegations in these paragraphs; accordingly, they are denied.

36.  The first sentence of this paragraph is denied.  The second sentence is denied, except to admit that Plaintiff reported that he had been assaulted to Mr. Baxter, Mr. Fillah, Ms. Ades and the National Zoological Park police.  With respect to the third sentence of this paragraph, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations; accordingly, they are denied.

37.  With respect to the first sentence of this paragraph, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations; accordingly, they are denied.  Defendant denies the second sentence, except to admit that at some point Plaintiff reported that he had been assaulted. The third sentence is denied.  With respect to the allegations in the fourth sentence, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations; accordingly, they are denied.

38.  The first sentence of this paragraph is denied, except to admit that Plaintiff was directed to attend a staff meeting at

which other employees, including Ms. Lopez, were to be present.

39.  Denied.

## Factual Allegations Regarding Plaintiff's Fourth Complaint Agency Case Number 06-04-010306

40.  Defendant admits as to the first sentence and denies the second sentence of this paragraph.

41.  Defendant admits that the Plaintiff makes the listed allegations, including the allegations set forth in subsections a. through e., but Defendant is without sufficient information as to the truth of the allegations in this paragraph, and therefor they are denied.

## Factual Allegations Regarding Plaintiff's Fifth Complaint Agency Case Number 06-13-052606.

42.  Defendant admits that Plaintiff was given a performance appraisal by his immediate supervisor on February 3, 2006 for the period of January 2005 to December 2005 and that the Plaintiff was given a Summary Performance Rating of "Improvement Needed." Defendant also admits that the "Not Met" rating was in element number 6, "Communications, Teamwork and Customer Service Skills." Defendant admits the fifth sentence of this paragraph.  The last sentence of this Paragraph is admitted, in that Plaintiff received a "Met" rating in five elements and an "Exceeded" rating in one element.

43.  Paragraph 43 is a characterization of the Plaintiff's

reaction to the Summary Performance Rating of "Needs Improvement." to which no response is required. Defendant is without sufficient information upon which to form a belief as to the truth of the characterization in this paragraph; accordingly, the characterization is denied.

44.   Defendant is without sufficient information upon which to form a belief as to the truth of the allegations in this paragraph; accordingly, the allegations are denied.

45.   Defendant admits the first sentence of this Paragraph insofar as Mr. Baxter was Plaintiff's immediate supervisor and was therefore ultimately responsible for seeing that the work assigned to Plaintiff was done, but denies any implication that Plaintiff was delegated responsibilities outside of his job duties. Defendant denies the second sentence of this Paragraph.

**Damages**

46.   Paragraph 46, including subparagraphs a through d, are Plaintiff's characterizations of damages rather than averments of fact to which a response is required. To the extent that a response may be deemed required, Defendant denies that Plaintiff has suffered compensable damages and denies this paragraph.

## COUNT ONE

### DISCRIMINATION ON THE BASIS OF RACE IN
### VIOLATION OF TITLE VII: HOSTILE ENVIRONMENT

47.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 46.

48.  Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

49.  Denied.

## COUNT TWO

### DISCRIMINATION ON THE BASIS OF COLOR
### IN VIOLATION OF TITLE VII: HOSTILE ENVIRONMENT

50.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 49.

51.  Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

52.  Denied.

## COUNT THREE

### DISCRIMINATION ON THE BASIS OF SEX IN
### VIOLATION OF TITLE VII: HOSTILE ENVIRONMENT

53.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 52.

54.  Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

55.  Denied.

## COUNT FOUR

### DISCRIMINATION ON THE BASIS OF RELIGION
### IN VIOLATION OF TITLE VII: HOSTILE ENVIRONMENT

56.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 55, above.

57. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

58-59.  Denied.

## COUNT FIVE

### DISCRIMINATION ON THE BASIS OF THE DISABILITY IN VIOLATION
### OF THE REHABILITATION ACT: HOSTILE ENVIRONMENT

60.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 59.

61.  Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

62.  Denied.

## COUNT SIX

### DISCRIMINATION ON THE BASIS OF REPRISAL
### IN VIOLATION OF TITLE VII AND THE
### REHABILITATION ACT: HOSTILE ENVIRONMENT

63.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 62.

64.  Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

65.  Denied.

## COUNT SEVEN

### DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII: NON-SELECTION.

66.   Defendant adopts and incorporates as if stated herein its responses to paragraphs 1 through 65.

67.   Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

68-69.   Denied.

## COUNT EIGHT

### DISCRIMINATION ON THE BASIS OF COLOR IN VIOLATION OF TITLE VII: NON SELECTION

70.   Defendant incorporates as if stated herein its responses to paragraphs 1 through 69, above.

71.   Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

72.   Denied.

73.   Denied.

## COUNT NINE

### DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE REHABILITATION ACT: NON-SELECTION

74.   Defendant incorporates as if stated herein its responses to paragraphs 1 through 73.

75.   Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

76-77.   Denied.

-16-

## COUNT TEN

### DISCRIMINATION ON THE BASIS OF REPRISAL IN VIOLATION OF TITLE VII AND THE REHABILITATION ACT: NON-SELECTION

78.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 77.

79.  Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

80-81.  Denied.

## COUNT ELEVEN

### DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII: FAILURE TO PROPERLY COMPENSATE PLAINTIFF

82.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 81, above.

83.  Defendant admits that Plaintiff is a GS-11, but denies the remainder of this Paragraph.

84.  Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

85.  Denied, except to admit that Plaintiff and similarly situated individuals had their positions properly graded and were compensated for work that they performed.

86.  Denied.

**COUNT TWELVE**

**DISCRIMINATION ON THE BASIS OF COLOR IN VIOLATION OF
TITLE VII: FAILURE TO PROPERLY COMPENSATE PLAINTIFF**

87.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 86, above.

88.  Defendant admits that Plaintiff is a GS-11, but denies the remainder of this Paragraph.

89.  Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

90.  Denied, except to admit that Plaintiff and similarly situated individuals had their positions properly graded and were compensated for work that they performed.

91.  Denied.

**COUNT THIRTEEN**

**DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF
TITLE VII: FAILURE TO PROPERLY COMPENSATE PLAINTIFF**

92.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 91.

93.  Defendant admits that Plaintiff is a GS-11, but denies the remainder of this Paragraph.

94.  Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

95.  Denied, except to admit that Plaintiff and similarly situated individuals had their positions properly graded and were compensated for work that they performed.

-18-

96.  Denied.

## COUNT FOURTEEN

### DISCRIMINATION ON THE BASIS OF RELIGION IN VIOLATION OF TITLE VII: FAILURE TO PROPERLY COMPENSATE PLAINTIFF

97.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 96.

98.  Defendant admits that Plaintiff is a GS-11, but denies the remainder of this Paragraph.

99.  Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

100.  Denied, except to admit that Plaintiff and similarly situated individuals have had their positions properly graded and have been compensated for work that they have performed.

101.  Denied.

## COUNT FIFTEEN

### DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE REHABILITATION ACT: FAILURE TO PROPERLY COMPENSATE PLAINTIFF

102.  Defendant incorporates as if stated herein its responses to paragraphs 1 through 101.

103.  Defendant admits that Plaintiff is a GS-11, but denies the remainder of this Paragraph.

104.  Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

105.  Denied, except to state that Plaintiff and similarly

situated individuals have had their positions properly graded and have been compensated for work that they have performed.

106. Denied.

## COUNT SIXTEEN

### DISCRIMINATION ON THE BASIS OF REPRISAL IN VIOLATION OF TITLE VII AND THE REHABILITATION ACT: FAILURE TO PROPERLY COMPENSATE PLAINTIFF

107. Defendant incorporates as if stated herein its responses to paragraphs 1 through 106.

108. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

109. Denied, except to state that Plaintiff and similarly situated individuals have had their positions properly graded and have been compensated for work that they have performed.

110. Denied.

## COUNT SEVENTEEN

### VIOLATION OF SETTLEMENT AGREEMENT/BREACH OF CONTRACT

111. Defendant incorporates as if stated herein its responses to paragraphs 1 through 110.

112. Defendant admits that Plaintiff makes the listed allegations, but denies the substance of the allegations.

113. Denied.

## COUNT EIGHTEEN

### VIOLATION OF THE REHABILITATION ACT:
### FAILURE TO REASONABLY ACCOMMODATE

114.   Defendant incorporates as if stated herein its responses to Paragraphs 1 through 113.

115.   This Paragraph contains a conclusion of law to which no response is required.  To the extent that a response may be deemed required, the Paragraph is denied.

116.  This Paragraph contains a conclusion of law to which no response is required.  To the extent that a response may be deemed required, the Paragraph is denied.

117.   This Paragraph contains a conclusion of law to which no response is required.  To the extent that a response may be deemed required, the Paragraph is denied.

The remaining allegations of the Complaint constitute a prayer for relief and jury demand, which requires no response. To the extent that a response is deemed necessary, however, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant further avers that any award of compensatory damages for Plaintiff's claims would be subject to and limited by 42 U.S.C. § 1981a, and that exemplary or punitive damages may not be awarded in this action, nor may plaintiff be awarded compensatory damages under the each of the statutes relied upon by Plaintiff.  Defendant further denies that Plaintiff is

-21-

entitled to a jury trial on all of his claims.  The Defendant
denies each and every allegation contained in the complaint not
specifically admitted herein.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
OF COUNSEL:

Mildred M. Glover
Associate General Counsel
Smithsonian Institution
1000 Jefferson Dr., S.W., MRC-012
P.O. Box 23286
Washington, DC  20026-3286
(202) 633-5097
(202) 357-4310 FAX

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Answer has been made through the Court's electronic transmission facilities on this 20th day of December, 2006.

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230