# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BOWDEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2202 (RBW) |
| ) | |
| CHRISTIAN SAMPER, ACTING SECRETARY, ) | |
| SMITHSONIAN INSTITUTION, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S ANSWERS AND RESPONSES TO
## DEFENDANT'S FIRST DISCOVERY REQUEST TO PLAINTIFF

Plaintiff Anthony Bowden ("Plaintiff"), by and through his attorney, Steven J. Silverberg, hereby responds to Defendant's First Discovery Request to Plaintiff as follows:

## GENERAL OBJECTIONS:

1. Plaintiff objects to the Defendant Smithsonian Institution's ("Agency," "National Zoological Park" or "NZP") Interrogatories, Document Requests, and Requests for Admission to the extent that they seek documents or information not within Plaintiff's possession, custody, and/or control.

2. Plaintiff objects to Defendant's Interrogatories, Document Requests, and Requests for Admission to the extent that they seek irrelevant, immaterial, overbroad, and/or unduly burdensome information and documents, and/or information and documents not reasonably calculated to lead to the discovery of admissible evidence.




## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST No. 1:** The factual assertions set forth in the affidavits, declarations and statements that are part of the Reports of Investigation in SI Case No. 04-16-080604 are true and accurate.

RESPONSE: Plaintiff objects to this request as vague, overbroad, unduly burdensome and contradictory as each of the "affidavits, declarations and statements" that are part of the ROI contain numerous allegations of facts, some which may or not be true or false, and some which may contradict another allegation of fact elsewhere in the ROI. Plaintiff cannot possibly admit or deny "all" of the assertions of fact in *all* of the "affidavits, declarations and statements" as a single group. Federal Rule of Civil Procedure 36 requires that "[e]ach matter of which an admission is requested shall be separately set forth." This request improperly requires Plaintiff to respond to large numbers of vague and contradictory allegations.

Plaintiff also objects to this Request for Admission as impossible to respond to as to other person's affidavits, declarations and statements because he cannot possibly always know for certain if other persons' assertions are true and accurate.

**REQUEST No. 2:** The factual assertions set forth in the affidavits, declarations and statements that are part of the Reports of Investigation in SI Case No. 05-10-031805 are true and accurate.

RESPONSE: Plaintiff objects to this request as vague, overbroad, unduly burdensome and contradictory as each of the "affidavits, declarations and statements" that are part of the ROI contain numerous allegations of facts, some which may or not be true or false, and some which may contradict another allegation of fact elsewhere in the ROI. Plaintiff cannot possibly admit or deny "all" of the assertions of fact in *all* of the "affidavits, declarations and statements" as a single group. Federal Rule of Civil Procedure 36 requires that "[e]ach matter of which an admission is requested shall be separately set forth." This request improperly requires Plaintiff to respond to large numbers of vague and contradictory allegations.

Plaintiff also objects to this Request for Admissions as impossible to respond to as to other person's affidavits, declarations and statements because he cannot possibly always know for certain if other persons' assertions are true and accurate.

**REQUEST No. 3:** The factual assertions set forth in the affidavits, declarations and statements that are part of the Reports of Investigation in SI Case No. 05-23-071106 [sic][1] are true and accurate.

RESPONSE: Plaintiff objects to this request as it is impossible for Plaintiff to respond to as Plaintiff is not in possession of any such ROI for the cited case and to the best of Plaintiff's knowledge, information and belief there is no ROI for the cited case as Defendant did not investigate this particular complaint. Plaintiff further objects to this interrogatory request as vague, overbroad, unduly burdensome and contradictory as each of the "affidavits, declarations and statements" that are part of any ROI contain numerous allegations of facts, some which may or not be true or false, and some which may contradict another allegation of fact elsewhere in the ROI. Plaintiff cannot possibly admit or deny "all" of the assertions of fact in *all* of the "affidavits, declarations and statements" as a single group. Federal Rule of Civil Procedure 36 requires that "[e]ach matter of which an admission is requested shall be separately set forth." This request improperly requires Plaintiff to respond to large numbers of vague and contradictory allegations.

Plaintiff also objects to this Request for Admissions as impossible to respond to as to other person's affidavits, declarations and statements because he cannot possibly always know for certain if other persons' assertions are true and accurate.

**REQUEST No. 4:** The factual assertions set forth in the affidavits, declarations and statements that are part of the Reports of Investigation in SI Case No. 06-04-010306 are true and accurate.

RESPONSE: Plaintiff objects to this request as it is impossible for Plaintiff to respond to as Plaintiff is not in possession of any such ROI for the cited case and to the best of Plaintiff's knowledge, information and belief there is no ROI for the cited case as the Defendant failed to investigate this particular complaint. Plaintiff further objects to this interrogatory request as vague, overbroad, unduly burdensome and contradictory as each of the "affidavits, declarations and statements" that are part of any ROI contain numerous allegations of facts, some which may or not be true or false, and some which may contradict another allegation of fact elsewhere in the ROI. Plaintiff cannot possibly admit or deny "all" of the assertions of fact in *all* of the "affidavits, declarations and statements" as a single group. Federal Rule of Civil Procedure 36 requires that "[e]ach matter of which an admission is requested shall be separately set forth." This request improperly requires Plaintiff to respond to large numbers of vague and contradictory allegations.

---

[1] The correct case number is 05-23-071105.

Plaintiff also objects to this Request for Admissions as impossible to respond to as to other person's affidavits, declarations and statements because he cannot possibly always know for certain if other persons' assertions are true and accurate.

**REQUEST No. 5:** The factual assertions set forth in the affidavits, declarations and statements that are part of the Reports of Investigation in SI Case No. 06-13-052606 are true and accurate.

RESPONSE: Plaintiff objects to this request as vague, overbroad, unduly burdensome and contradictory as each of the "affidavits, declarations and statements" that are part of the ROI contain numerous allegations of facts, some which may or not be true or false, and some which may contradict another allegation of fact elsewhere in the ROI. Plaintiff cannot possibly admit or deny "all" of the assertions of fact in *all* of the "affidavits, declarations and statements" as a single group. Federal Rule of Civil Procedure 36 requires that "[e]ach matter of which an admission is requested shall be separately set forth." This request improperly requires Plaintiff to respond to large numbers of vague and contradictory allegations.

**REQUEST No. 6.:** A true and correct copy of the Stipulation of Settlement And Dismissal agreed to by plaintiff in Bowden v. Heyman, Civil Action No. 97-0545 JR. is attached hereto as Exhibit A.

RESPONSE: Admit.

**REQUEST No. 7.:** Plaintiff was not present at, or able to hear, the discussions between his supervisors and the person performing the desk audit described in the Complaint.

RESPONSE: Admit

**REQUEST No. 8.:** Plaintiff was transferred to his present position at the Smithsonian Institution's National Zoological Park pursuant to the terms of the settlement agreement on March 14, 1999.

RESPONSE: Admit as to being transferred to the NZP pursuant to the terms of the settlement agreement. Plaintiff also notes that he believes that the transfer date of March 14, 1999 is accurate, but he cannot definitively admit to this because he cannot remember for certain..

**REQUEST No. 9.:** Plaintiff did not show by objective evidence within two pay periods of the Court's approval of the Stipulation of Settlement And Dismissal in Bowden v. Heyman, Civil Action No. 97-0545 JR, that any leave he used while at the agency was used as a direct result of his medical condition that was the basis for his claim pursuant to the Rehabilitation Act.

**RESPONSE:** Plaintiff objects to this request as vague as the term "objective evidence" is not defined, and virtually any form of evidence could be considered "objective evidence." Notwithstanding and without waiving said objection, Plaintiff responds as follows: Deny. Plaintiff and/or his attorney provided the Agency with the required documentation prior to or within the required time period.

Respectfully submitted,

_____
Steven J. Silverberg, D.C. Bar #377376
Attorney for Plaintiff
900 17th Street N.W.
Suite 1250
Washington, D.C. 20006
Tel: (202) 785-8499
Fax: (202) 785-8470
E-Mail: sjsilverberg@erols.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2007, a copy of the above and foregoing Plaintiff's Answers and Responses to Defendant's First Discovery Request to Plaintiff was served by hand delivery to:[2]

        W. Mark Nebeker
        Assistant United States Attorney
        Civil Division
        555 4th Street, N.W.
        Washington, DC 20530

_____
Steven J. Silverberg

---

[2] A copy of Plaintiff's Answers and Responses to Defendant's First Discovery Requests to Plaintiff without the attached documents was also delivered through e-mail to Defendant's attorneys at mark.nebeker@usdoj.gov and gloverm@si.edu. on September 24, 2007.