RECEIVED
SMITHSONIAN INSTITUTION
OFC OF GENERAL COUNSEL
'99 FEB 19 P6:48

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY BOWDEN,

    Plaintiff,

v.      )  Civil Action No. 97-0545 JR

IRA MICHAEL HEYMAN,
SECRETARY,
SMITHSONIAN INSTITUTION,

    Defendant.

FILED

FEB 19 1999

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STIPULATION OF SETTLEMENT AND DISMISSAL

Desiring to end this litigation, the parties to the above-captioned case, Plaintiff Anthony Bowden (Bowden) and the Smithsonian Institution (the Agency) hereby stipulate and agree, subject to the approval of the Court, as follows:

1. The parties do hereby agree to settle and compromise the above-captioned action under the terms and conditions set forth herein.

2. Within two pay periods of the Court's approval of this stipulation, the Smithsonian Institution will transfer plaintiff, Anthony Bowden, to an Exhibits Specialist position at the GS-11 level in the Exhibits shop at the National Zoo. The SF-50 for the transfer will refer to it as a "voluntary reassignment."

3. Following Bowden's transfer, the Smithsonian Institution will continue the accommodations which he has been receiving at the National Museum of Natural History. Those accommodations are: (a) to allow Bowden short breaks

58

EXHIBIT
37
CA 05-2202

Bowden
EXHIBIT NO. 1
CJB 12/4/07

to go to the bathroom or if he is not feeling well, (b) to permit Bowden to go outside for a breath of fresh air when working in the spray booth, and (c) to allow Bowden to eat snacks when he takes his medication. Bowden will continue to be permitted time for doctors' appointments in accordance with agency policies and availability of leave. Such accommodations are accorded as a result of this settlement and do not constitute an admission of the existence of any disability.

4. Within two pay periods of the approval by the Court of this Agreement, the Smithsonian Institution will rescind the 3-day suspension which Bowden served from March 5 through 7, 1996, and pay him 3 days' pay ($530.82). A W-2 form for said backpay will be issued to Bowden.

5. Within two pay periods of the Court's approval of this Agreement, the Smithsonian Institution will remove the following documents from Bowden's personnel folder, in accordance with applicable procedures, including procedures established by the Office of Personnel Management, i.e., (1) the SF-52 and SF-50 relating to his suspension and the return to duty, see paragraph 4 above; and (2) Bowden's 1994-95 evaluation that is being changed, see paragraph 7.

6. The Smithsonian Institution agrees to restore leave taken by Bowden from July, 1994, to the present which Bowden can show, by objective evidence, was used as a direct result of his medical condition that is the basis for his claim

- 2 -

pursuant to the Rehabilitation Act, i.e., panic disorder. Such restoration shall be limited to the extent Bowden is compensated for such leave through a workers' compensation claim, a claim for which he currently has pending. Bowden will provide documentation of the use of such leave in connection with his medical condition within two pay periods of the Court's approval of this stipulation. The Smithsonian Institution will respond to plaintiff's documentation within thirty (30) days of its submission. Should plaintiff disagree with the Smithsonian's response, plaintiff shall notify the Smithsonian in writing within 30 days and give the Smithsonian thirty (30) days to address the matters raised by plaintiff before seeking judicial review, if any is available.

7. Within two pay periods of the approval by the Court of this Agreement, the Smithsonian Institution will change the overall rating on Bowden's 1994-95 evaluation to Highly Successful.

8. Within 5 days of the approval by the Court of this Agreement, the Smithsonian Institution will provide a letter of recommendation for Bowden as set forth on Exhibit A.

9. Defendant shall pay plaintiff a lump sum of Seventy Five Thousand Dollars ($75,000) in full settlement of monetary claims, including compensatory damages, attorneys' fees and costs with regard to this matter. Defendant will submit appropriate documents to the

Department of Treasury to authorize payment of the settlement amount within thirty (30) days of receipt of the notice of the Court's approval of this Agreement. The check will be made out to "Anthony Bowden and Alan Banov" and will be delivered to the office of Alan Banov, 1819 H Street, N.W., Suite 360, Washington, D.C. 20006. A 1099 Form will be issued to Banov, and Banov will be responsible for dividing the funds from that check with his client. Bowden and Banov will be responsible for paying their respective income taxes on their respective shares of the $75,000.

10. Within two pay periods of the approval by the Court of this Agreement, the Smithsonian will make retroactive to September 18, 1994, Bowden's promotion to GS-11 Exhibits Specialist. The Smithsonian Institution will not be liable for and Bowden will not seek payment of any backpay for that retroactive promotion. However, Bowden will be eligible for his next step increase in accordance with established procedures based on any adjustment of the date of the retroactive promotion.

11. This Stipulation of Settlement shall represent full and complete satisfaction of: 1) all claims arising from the allegations set forth in the complaint filed in this action, including all claims of discrimination, retaliation and failure to accommodate that have been, or could be, made in this case, and 2) all claims for costs and attorney's fees that have been, or could be, made in this

- 4 -

case. In particular, this Stipulation of Settlement shall include all claims for attorney's fees and costs incurred in connection with the administrative Equal Employment Opportunity process, the District Court litigation process, and any other proceedings involving the claims raised in this action.

12. By this Stipulation of Settlement, Bowden waives, releases and abandons any and all claims against the Smithsonian Institution, its officers, agents or employees, whether past or present, alleged, or which could have been alleged, by the plaintiff as a result of his employment with the Smithsonian Institution in the above-styled litigation, up until the date of signing this Stipulation of Settlement.

13. Notwithstanding the foregoing, Bowden will not be barred from pursuing his worker's compensation claims based on actions or incidents which have occurred on the job prior to the date of the Court's approval of this Agreement or required to withdraw his current claim with the Office of Worker's Compensation Programs. As set forth in paragraph 6 above, to the extent Bowden is compensated as a result of his worker's compensation claims for hours of leave used, such compensation will be offset against the hours of leave the Smithsonian Institution will restore pursuant to Paragraph 6.

14. This Stipulation of Settlement shall not constitute an admission of liability or fault on the part of

the Smithsonian Institution, its agents, servants, or employees, and is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

15. This Stipulation of Settlement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, heirs and assigns.

16. The parties agree that this Stipulation of Settlement will not be used as evidence by the parties or otherwise in any pending or future civil or administrative action against the Smithsonian Institution, or any department, agency or instrumentality of the United States.

17. Execution of this Stipulation of Settlement by plaintiff Anthony Bowden and his counsel and by counsel for the defendant shall constitute a dismissal of this action with prejudice, effective upon approval by the Court,

pursuant to Federal Rules of Civil Procedure 41(a)(1)(i).

The parties hereby sign and acknowledge this Agreement on the day and year written below their respective names.

ANTHONY BOWDEN
Plaintiff
DATE: 2/16/99

ALAN BANOV, DC Bar #95059
Banov & Associates
1819 H Street, NW
Suite 360
Washington, DC 20006
202/822-9699

Attorney for Plaintiff
DATE: 2/16/99

WILMA A. LEWIS, DC Bar #358637
United States Attorney

MARK E. NAGLE, DC Bar #416364
Assistant United States Attorney

DARIA J. ZANE, DC Bar #412783
Assistant United States Attorney
555 4th St., NW, Rm. 4840
Washington, DC 20001
202/305-4742

Attorneys for Defendant
DATE: 2/16/99

JAMES D. DOUGLAS
SMITHSONIAN INSTITUTION

DATE: 2/16/99

Approved this 18th Day of February, 1999.

JAMES ROBERTSON
United States District Judge

- 7 -