# PLAINTIFF'S EXHIBIT 9

Report of Investigation, Case No. 05-10-031805—Statement of James Hilton,  Tab F-4

STATEMENT

District of Columbia, to-wit:

I, James Hilton, provide the following statement and responses to interrogatories freely and voluntarily to Herbert L. Jackson who has identified himself to me as a Contract EEO Investigator for the Smithsonian Institution, investigating a complaint of discrimination filed by Anthony Bowden ("Complainant") against the Smithsonian Institution, knowing that this statement and responses to interrogatories may be used in evidence. I understand that this statement and responses to interrogatories is not confidential and may be shown to any interested party (those with a legal right to know).

I understand that the Complainant alleges that he was subjected to reprisal and/or discriminated against on the basis of his race (African American), color (Black), and/or disability (mental) when, during the period from June 2004 through March 18, 2005, he was harassed which created a hostile work environment. **(I was not made aware of all these facts during our discussion.)**

My race is African American, I have no disability, and I have not participated in any prior EEO actions. My job title is **Safety Officer** for the Smithsonian National Zoological Park. I recall that shortly after Mr. Jeff Baxter arrived at the Smithsonian he requested that I, as Safety Officer, inspect the lower work shop/storage area located at the offices where he works – Outreach and Exhibits. He wanted me to give input as to whether or not that area was conducive for his staff to work in; what his staff could and could not do in that area. One day I went down to that area to check it out. I looked at the shop's set-up and noted where the machinery was located and whether or not certain larger pieces of equipment were bolted down. I was not able to comment on the ventilation, but recommended/referred that area to **Hayes Robinson** to look at.

My final recommendation was that most of the smaller tasks the staff would have to perform could be performed in that area; those tasks requiring the use of hand-held equipment. The environment, especially the temperature, did not suggest such extremes that would place the area off limits. Every one who would be using the lower shop area would also be required to work outside. A 40 - 50 degree enclosed space would not be out of the realm of their usual duties because it got colder than that during some outside duties.

I did note that there were two pieces of machinery that needed, in my opinion, a vacuum system to collect sawdust, and a table saw needed securing to the floor.

I later met with Mr. Baxter and his staff, but I don't believe the Complainant was present. I recall that Ernest Robinson and Sherrod Mangum were present. During that meeting, I identified those pieces of equipment that was permitted to be used and which required adjustments prior to use. It was my understanding and conclusion that the graphic staff, not just the complainant, was aware that they would be using the lower level work area.

1

I solemnly swear or affirm that the above statement, being provided by me, is true to the best of my knowledge and belief.

James Hilton

Date: 6/15/05

EEO Investigator

2